IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| HAROLD HODGE JR.<br>   *Plaintiff*,<br><br>v.<br><br>THE CORDISH COMPANIES INC.,<br>et al.<br>   *Defendants*. | Civil Action No. ELH-17-254 |

**MEMORANDUM**

Harold Hodge, Jr., the self-represented plaintiff, filed suit on January 27, 2017, against a host of corporate and individual defendants. ECF 1. As set forth by Hodge, the defendants are as follows (with abbreviations supplied by the Court): The Cordish Companies Inc. ("Cordish Cos."); Entertainment Consulting International ("ECI"); PPE Casino Resort Maryland LLC ("PPE"); Maryland Live Casino ("MLC"); David S. Cordish; Reed Cordish; Jonathan A. Cordish; Chase Martin; Joseph Weinberg; Robert J. Norton; Douglas Shipley; and "John Doe," a Security Guard at MLC. *Id.* Hodge appended several exhibits to the Complaint. ECF 1-1 to ECF 1-8.

With leave of court (ECF 20), Hodge subsequently filed an Amended Complaint. ECF 21.[1] Exhibits to the Amended Complaint are docketed at ECF 25-1 to 25-4. Plaintiff's federal claims are based on 42 U.S.C. § 2000a, providing federal question jurisdiction. *See* 28 U.S.C. § 1331. The remaining claims are predicated on the Court's supplemental jurisdiction. *See* 28 U.S.C. § 1367.

---

[1] In response to ECF 1, defendants filed a motion to strike (ECF 8) and a motion to dismiss. ECF 10. Hodge then moved for leave to amend the complaint. ECF 17. By Order of April 25, 2017, I granted that motion. ECF 20. And, in light of the Amended Complaint, I denied the first motion to strike and the first motion to dismiss, without prejudice. *Id.*

Hodge's suit arises out of an allegedly illegal search of his "purse" by an unidentified security guard at the Maryland Live! Casino on January 2, 2017. The alleged search occurred when Hodge and his wife attempted to enter the Casino's game rooms. ECF 21, ¶¶ 37-47. Plaintiff asserts that "because he was a black male with a fur hat on," he was regarded "as a thug, pimp or just a trouble-maker" and was "targeted" for a search, without justification. *Id.* ¶ 4; *see also id.* ¶ 42. According to plaintiff, "'white' and Hispanics [sic] female customers" were permitted to enter the casino without a search, even when their purses were larger than Mr. Hodge's "purse." *Id.* ¶ 1; *see also id.* ¶ 42. Hodge seeks $82 million in compensatory and punitive damages. *Id.* ¶ 92.

The Amended Complaint contains six causes of action, which I shall identify as counts. In Count I, Hodge claims race discrimination, in a place of public accommodation, in violation of Title II of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000a, *et seq*. ("Title II"). Count II alleges discrimination based on gender, in a place of public accommodation, in violation of Title II. In Count III and Count IV, plaintiff alleges race discrimination and sex discrimination, respectively, each in violation of Md. Code (2015 Repl. Vol., 2016 Supp.), § 20-304 of the State Government Article ("S.G."). Count V alleges common law assault and Count VI alleges "trespassing-intrusion." *See* ECF 21.

Defendants have moved to dismiss, pursuant to Fed. R. Civ. P. 12(b)(6). ECF 23. The motion is supported by a memorandum of law (ECF 23-1) (collectively, "Motion") and an exhibit. ECF 23-2. According to defendants, dismissal is appropriate because, *inter alia*, Hodge has failed to state a claim as to the individual defendants (ECF 21-1 at 2) and because Hodge is not entitled to damages under the Civil Rights Act of 1964. *Id.* at 3. Defendants also maintain

that there is no private right of action under S.G. § 20-304. *Id.* Hodge opposes the Motion (ECF 26) ("Opposition") and defendants have replied. ECF 27 ("Reply").

In addition, defendants have filed a Motion to Strike (ECF 22), claiming that many of Hodge's allegations and submissions in the Amended Complaint "bear no reasonable relation to the controversy at issue here" (*id.* ¶ 11) and "are nothing more than an attempt to smear the names of Defendants in a public forum and introduce inadmissible evidence." *Id.* ¶ 16. Hodge has responded in opposition to the motion to strike (ECF 26) and defendants have replied. ECF 28.

No hearing is necessary to resolve the motions. *See* Local Rule 105.6. The Court is mindful of its obligation to construe liberally the pleadings of a pro se litigant, which are "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also White v. White*, 886 F.2d 721, 722-23 (4th Cir. 1989). Nevertheless, for the reasons that follow, I shall grant the Motion, with leave to amend, and deny the Motion to Strike, as moot.

### I. Factual Background[2]

On January 2, 2017, Hodge and his wife "decided to '*paint the town*' a little and go to Maryland Live Casino for the very first time." ECF 21, ¶ 41 (emphasis in original). Hodge was carrying a black "purse" that was "about the size of 9" x 3" x 9"." *Id.* ¶ 37b.[3] Hodge was wearing the purse "around his neck on his shoulder." *Id.* Ms. Hodge was also carrying a "purse". *Id.* According to plaintiff, he was dressed "in fine décor," including a suit. *Id.* ¶ 44.

---

[2] Given the procedural posture of this case, the Court assumes the truth of the facts alleged in the Complaint.

[3] The numbering of paragraphs in the Amended Complaint (ECF 21) is not consistent. Two paragraphs are identified with the number "37" on page 21 of ECF 21. Accordingly, I shall refer to the first paragraph 37 as "¶37a" and the second paragraph 37 as "¶37b".

While the Hodges were in the lobby of the casino, they were "approached and stopped" by an unidentified MLC security guard. *Id.* ¶ 37a. The security guard informed Hodge that he would not be permitted to enter the game floor until he opened his "purse." *Id.* ¶ 36. The Hodges began to open their purses, but the security guard allegedly told Ms. Hodge that she did not have to open her purse "because Maryland Live Casino did not check women [sic] purses or belongings." *Id.* ¶ 39.

According to Hodge, he "feared" that he would not be permitted to enter the casino if he did not open his purse. *Id.* ¶ 41. He asserts: "Mr. Hodge had a few zippers on his black purse and he was opening against his will the last one. Immedeately [sic], the (MLC) John Doe Secuirty [sic] out of nowhere **[leaped]** reach [sic] towards Mr. Hodge and began to try to force his purse open." *Id.* ¶ 40 (emphasis in original). The purse was opened "without permission or justification" (*id.* ¶ 41), and the occurrence was "extremely embarrassing" to the Hodges. *Id.* ¶ 43.

Hodge was allowed to enter the game rooms after the security guard completed the search. *Id.* ¶ 44. The Hodges "played a few games in one of the game rooms" and then left the casino. *Id.* ¶ 47.

Plaintiff contends that defendants "are using the discriminatory purse check of only black men as and [sic] deterrent in the hope they will . . . turn around and . . . go back out the door . . . ." ECF 21, ¶ 42. With respect to the claims lodged against the individual defendants, plaintiff merely asserts that they "knew or should have known" of the illegal actions of their staff. *See*, *e.g.*, ECF 21, ¶¶ 56, 57, 58, 59. The Complaint also lists other cases (without reference to case numbers or courts) in which claims of race discrimination were allegedly

posited; plaintiff contends that those cases were settled by "The Cordish Companies Inc. and (ECI) LLC et al." ECF 21 at 9.

## II.   Standard of Review

A defendant may test the legal sufficiency of a complaint by way of a motion to dismiss under Rule 12(b)(6). *In re Birmingham*, 846 F.3d 88, 92 (4th Cir. 2017); *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165-66 (4th Cir. 2016); *McBurney v. Cuccinelli*, 616 F.3d 393, 408 (4th Cir. 2010), *aff'd sub nom. McBurney v. Young*, ___ U.S. ____, 133 S. Ct. 1709 (2013); *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). A Rule 12(b)(6) motion constitutes an assertion by a defendant that, even if the facts alleged by a plaintiff are true, the complaint fails as a matter of law "to state a claim upon which relief can be granted." Whether a complaint states a claim for relief is assessed by reference to the pleading requirements of Fed. R. Civ. P. 8(a)(2). It provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The purpose of the rule is to provide the defendants with "fair notice" of the claims and the "grounds" for entitlement to relief. *Bell Atl., Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

To survive a motion under Fed. R. Civ. P. 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *see Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) ("Our decision in *Twombly* expounded the pleading standard for 'all civil actions' . . . ." (citation omitted)); *see also Willner v. Dimon*, 849 F.3d 93, 112 (4th Cir. 2017). But, a plaintiff need not include "detailed factual allegations" in order to satisfy Rule 8(a)(2). *Twombly*, 550 U.S. at 555. Moreover, federal pleading rules "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the

claim asserted." *Johnson v. City of Shelby*, ___ U.S. ____, 135 S. Ct. 346, 346 (2014) (per curiam).

Nevertheless, the rule demands more than bald accusations or mere speculation. *Twombly*, 550 U.S. at 555; *see Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013). If a complaint provides no more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action," it is insufficient. *Twombly*, 550 U.S. at 555. Rather, to satisfy the minimal requirements of Rule 8(a)(2), the complaint must set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action, "even if . . . [the] actual proof of those facts is improbable and . . . recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556 (internal quotations omitted).

In reviewing a Rule 12(b)(6) motion, a court "'must accept as true all of the factual allegations contained in the complaint'" and must "'draw all reasonable inferences [from those facts] in favor of the plaintiff.'" *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted); *see Semenova v. Maryland Transit Admin.*, 845 F.3d 564, 567 (4th Cir. 2017); *Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015); *Kendall v. Balcerzak*, 650 F.3d 515, 522 (4th Cir. 2011), *cert. denied*, 565 U.S. 943 (2011). But, a court is not required to accept legal conclusions drawn from the facts. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986). "A court decides whether [the pleading] standard is met by separating the legal conclusions from the factual allegations, assuming the truth of only the factual allegations, and then determining whether those allegations allow the court to reasonably infer" that the plaintiff is entitled to the legal remedy sought. *A Society Without a Name v. Virginia*, 655 F.3d 342, 346 (4th. Cir. 2011), *cert. denied*, 566 U.S. 937 (2012).

In general, courts do not "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses" through a Rule 12(b)(6) motion. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999); *accord King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016). The purpose of the rule is to ensure that defendants are "given adequate notice of the nature of a claim" made against them. *Twombly*, 550 U.S. at 555–56 (2007). But, "in the relatively rare circumstances where facts sufficient to rule on an affirmative defense are alleged in the complaint, the defense may be reached by a motion to dismiss filed under Rule 12(b)(6)." *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007) (en banc); *accord Pressley v. Tupperware Long Term Disability Plan*, 533 F.3d 334, 336 (4th Cir. 2009); *see also Meridian Investments, Inc. v. Fed. Home Loan Mortg. Corp.*, 855 F.3d 573, 577 (4th Cir. 2017) ("A defendant's claim that an action is time-barred is an affirmative defense that it can raise in a motion to dismiss when the "face of the complaint includes all necessary facts for the defense to prevail.") (citation omitted). However, because Rule 12(b)(6) "is intended [only] to test the legal adequacy of the complaint," *Richmond, Fredericksburg & Potomac R.R. Co. v. Forst*, 4 F.3d 244, 250 (4th Cir. 1993), "[t]his principle only applies . . . if all facts necessary to the affirmative defense 'clearly appear[ ] on the face of the complaint.'" *Goodman*, 494 F.3d at 464 (quoting *Forst*, 4 F.3d at 250) (emphasis added in *Goodman* ).

Under limited exceptions, a court may consider documents beyond the complaint without converting the motion to dismiss to one for summary judgment. *Goldfarb v. Mayor & City Council of Baltimore*, 791 F.3d 500, 508 (4th Cir. 2015). A court may properly consider documents that are "explicitly incorporated into the complaint by reference and those attached to the complaint as exhibits . . . ." *Goines*, 822 F.3d at 166 (citations omitted); *see U.S. ex rel. Oberg*, 745 F.3d at 136 (quoting *Philips v. Pitt Cty Memorial Hosp.*, 572 F.3d 176, 180 (4th Cir.

2009)); *Anand v. Ocwen Loan Servicing, LLC*, 754 F.3d 195, 198 (4th Cir. 2014); *Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2004), *cert. denied*, 543 U.S. 979 (2004); *Phillips v. LCI Int'l Inc.*, 190 F.3d 609, 618 (4th Cir. 1999).

A court may also "consider a document submitted by the movant that was not attached to or expressly incorporated in a complaint, so long as the document was integral to the complaint and there is no dispute about the document's authenticity." *Goines*, 822 F.3d at 166 (citations omitted); *see also Woods v. City of Greensboro*, 855 F.3d 639, 642 (4th Cir. 2017); *Kensington Volunteer Fire Dep't. v. Montgomery Cnty.*, 684 F.3d 462, 467 (4th Cir. 2012). To be "integral," a document must be one "that by its 'very existence, and not the mere information it contains, gives rise to the legal rights asserted.'" *Chesapeake Bay Found., Inc. v. Severstal Sparrows Point, LLC*, 794 F. Supp. 2d 602, 611 (D. Md. 2011) (citation omitted) (emphasis in original).

However, "before treating the contents of an attached or incorporated document as true, the district court should consider the nature of the document and why the plaintiff attached it." *Goines*, 822 F.3d at 167 (citing *N. Ind. Gun & Outdoor Shows, Inc. v. City of S. Bend*, 163 F.3d 449, 455 (7th Cir. 1998)). "When the plaintiff attaches or incorporates a document upon which his claim is based, or when the complaint otherwise shows that the plaintiff has adopted the contents of the document, crediting the document over conflicting allegations in the complaint is proper." *Goines*, 822 F.3d at 167. Conversely, "where the plaintiff attaches or incorporates a document for purposes other than the truthfulness of the document, it is inappropriate to treat the contents of that document as true." *Id*.

### III.   Discussion

Plaintiff is a frequent litigant in this Court.[4] In this particular case, he alleges, *inter alia*, that he was subjected to race and gender discrimination as a patron at Maryland Live! Casino, which is a place of public accommodation.

### A.   Federal Claims

The Civil Rights Act of 1964 (the "Act") was enacted "to prevent . . . discrimination in voting, as well as in places of accommodation and public facilities, federally secured programs and in employment." *Heart of Atlanta Motel, Inc. v. United States*, 379 U.S. 241, 246 (1964). Title II of the Civil Rights Act contains seven sections and is codified at 42 U.S.C. §§ 2000a *et seq.* Section 2000a(a), titled "Equal access", provides: "All persons shall be entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation, as defined in this section, without discrimination or segregation on the ground of race, color, religion, or national origin." *See also, e.g.*, *Stanford v. Halloway*, DKC-16-1355, 2017 WL 1048257, at *1 (D. Md. Mar. 20, 2017) ("Title II prohibits discrimination on the basis of race, color, religion, or national origin in places of public accommodation.").

The Act defines "place of public accommodation" in § 2000a(b), as follows:

---

[4] As observed by Judge Chasanow, Mr. Hodge is "no stranger[] to this Court." *Hodge v. College of Southern Maryland*, 121 F. Supp. 3d 486, 493 (D. Md. 2015), *aff'd*, 646 Fed. App'x 294 (4th Cir. 2016) (per curiam), *cert. denied*, 137 S. Ct. 504 (2016), *reconsideration denied*, 137 S. Ct. 824 (2016). Indeed, he has filed numerous cases in this district. *See Hodge v. Stephens*, AW-12-1988, 2013 WL 398870 (D. Md. Jan. 31, 2013); *Hodge v. Bd. of Cnty. Comm'rs*, RWT-10-2396, 2010 WL 4068793 (D. Md. Oct. 15, 2010); *Hodge v. Calvert Cnty.*, PJM-09-2252, 2009 WL 2884928 (D. Md. Sept. 4, 2009); *Hodge v. St. Mary's Cnty. Sheriff's Office*, PJM-08-2522, 2009 WL 8708855 (D. Md. June 22, 2009); *Hodge v. Taylor Gas Co.*, DKC-05-319, 2005 WL 5501493 (D. Md. June 21, 2005); *see also Hodge v. Talkin*, 949 F. Supp. 2d 152 (D.D.C. 2013), *rev'd*, 799 F.3d 1145 (D.C. Cir. 2015), *cert. denied*, 136 S. Ct. 2009 (2016).

> Each of the following establishments which serves the public is a place of public accommodation within the meaning of this subchapter if its operations affect commerce, or if discrimination or segregation by it is supported by State action: . . . (3) any motion picture house, theater, concert hall, sports arena, stadium or other place of exhibition or entertainment . . . .

Section 2000a-2 of the Act is titled: "Prohibition against deprivation of, interference with, and punishment for exercising rights and privileges secured by section 2000a or 2000a-1 of this title."[5] It provides:

> No person shall (a) withhold, deny, or attempt to withhold or deny, or deprive or attempt to deprive any person of any right or privilege secured by section 2000a or 2000a-1 of this title, or (b) intimidate, threaten, or coerce, or attempt to intimidate, threaten, or coerce any person with the purpose of interfering with any right or privilege secured by section 2000a or 2000a-1 of this title, or (c) punish or attempt to punish any person for exercising or attempting to exercise any right or privilege secured by section 2000aor 2000a-1 of this title.

Section 2000a-3 of the Act authorizes a private right of action to enforce Title II. *See, e.g.*, *Newman v. Piggie Park Enterprises, Inc.*, 390 U.S. 400, 401 (1968) ("When the Civil Rights Act of 1964 was passed, it was evident that enforcement would prove difficult and that the Nation would have to rely in part upon private litigation as a means of securing broad compliance with the law.[] A Title II suit is thus private in form only."). However, and of import here, § 2000a-3 only authorizes suits for injunctive or declaratory relief; it does not permit suits for damages. *Piggie Park*, 390 U.S. at 402 ("When a plaintiff brings an action under [§ 2000a-3], he cannot recover damages."); *see also Rychenko v. Burnette*, No. 1:16-CV-00214-MR-DSC, 2017 WL 130001, at *2 (W.D.N.C. Jan. 12, 2017) ("42 U.S.C. § 2000a-3(a) clearly states that the only remedy available under Title II is injunctive or other preventative relief."), *report and recommendation adopted*, 2017 WL 872650 (W.D.N.C. Mar. 3, 2017); *Gennell v. Denny's Corp.*, 378 F. Supp. 2d 551, 556 (D. Md. 2005) (Chasanow, J.) ("Damages, however, are not

---

[5] Section 2000a-1 contains other provisions that are not pertinent here.

available under § 2000a; '[o]nly injunctive and declaratory relief (and attorney's fees) may be awarded under Title II.'") (citation omitted).

In addition, § 2000a-3(c) sets forth a prerequisite for a plaintiff seeking relief under Title II of the Act. Although a plaintiff bringing suit under Title II need not exhaust his administrative remedies, "in a state that has both laws prohibiting the alleged discriminatory conduct and state authorities that can provide relief from such conduct, 'no civil action may be brought under [Title II] before the expiration of thirty days after written notice of such alleged act or practice has been given to the appropriate State or local authority . . . .'" *Stanford*, 2017 WL 1048257, at *2; (quoting 42 U.S.C. § 2000a-3(c)) (alteration in *Stanford*); *accord Barton v. Thompson*, HAR-95-2154, 1995 WL 860632, at *2 (D. Md. Nov. 28, 1995).

Notably, Maryland law prohibits discriminatory conduct in places of public accommodation and provides for relief from such conduct. *See Stanford*, 2017 WL 1048257, at *2 ("Maryland law prohibits discrimination on the basis of race in public accommodations; therefore, Plaintiff was required to provide notice to the state authority . . . ."). In particular, S.G. § 20-304 states:

> An owner or operator of a place of public accommodation or an agent or employee of the owner or operator may not refuse, withhold from, or deny to any person any of the accommodations, advantages, facilities, or privileges of the place of public accommodation because of the person's race, sex, age, color, creed, national origin, marital status, sexual orientation, gender identity, or disability.

Of relevance here, S.G. § 20-1004 provides a process by which an aggrieved person can pursue relief through the Maryland Commission on Civil Rights ("Commission").[6] *See also*

---

[6] The Commission was previously known as the Maryland "Commission on Human Relations." During the 2011 legislative session, the Maryland General Assembly approved a change in the name; it is now known as the Commission on Civil Rights. *See* 2011 Md. Laws,

*Stanford*, 2017 WL 1048257, at *2; *Barton*, 1995 WL 860632, at *2. These provisions obligate an aggrieved person to provide notice to the Commission prior to initiating suit. *See* 42 U.S.C. § 2000a-3(c). And, contrary to Hodge's argument in his Opposition (ECF 26 at 22), this requirement does not depend on whether the defendants are private parties or government entities.

In the Motion, defendants contend that dismissal of plaintiff's claims under the Act is warranted, *inter alia*, on the grounds that plaintiff did not comply with the notification requirement of § 2000a-3(c) and because plaintiff seeks only damages. ECF 23-1 at 9-12. They also challenge the sufficiency of the allegations as to the individual defendants. *Id.* at 6-8.

In his Opposition, Hodge argues, without citation to authority, that the Act "does not have a notice requirement based upon the totality of the Circumstances [sic] in this case." ECF 26 at 5. Hodge states: "This is a civil case brought against businesses and its owners and employees and subsidiaries and not the federal or state government." *Id.*; *see also id.* at 22. Hodge did not respond to defendants' argument concerning the viability of his claim for damages. *See* ECF 26. But, with respect to the individual defendants, plaintiff argues: "The Individual Defendants are also personally liable under the legal theories asserted by the Plaintiff, because of the extraordinary circumstances and because the Individual that is owner of a business can be seen as the business and/or the Corporate entity itself." *Id.* at 7.

As discussed below, dismissal of Hodge's claims under the Act is appropriate because Hodge has failed to provide the appropriate notice to the Commission. Dismissal is also appropriate because Hodge seeks only monetary damages, which are not available under the Act.

---

Chap. 580; *see also Bd. of Directors of Cameron Grove Condo., II v. State Comm'n on Human Relations*, 431 Md. 61, 64 n.3, 63 A.3d 1064, 1066 n.3 (2013).

The opinion of the late Judge Hargrove in *Barton*, 1995 WL 860632, provides guidance as to defendants' argument concerning the notice requirement of the Act. In *Barton*, as here, plaintiff sought relief under Title II of the Act. *Id.* at *2. But, Judge Hargrove observed: "The Complaint contains no evidence that either Plaintiff notified the appropriate state agency prior to initiating this action in federal court." *Id*. Thus, he concluded: "Plaintiffs' failure to plead the proper jurisdictional prerequisites in their Complaint is a sufficient basis to dismiss their Title II claim." *Id.*; *accord Stanford*, 2017 WL 1048257.

Here, Hodge did not allege in his Amended Complaint that he provided notice to the Commission. *See* ECF 21. Nor did he claim in his Opposition that he provided such notice, or otherwise produce evidence of having provided notice. *See* ECF 26. Accordingly, dismissal is appropriate due to plaintiff's failure to comply with the notice requirement of § 2000a-3(c).

Furthermore, even if Hodge had provided the requisite notice to the Commission, dismissal would nevertheless be warranted. As noted, Hodge seeks only monetary damages in his Amended Complaint. *See* ECF 21, ¶ 92. But, as indicated, such damages are unavailable under the Act. 42 U.S.C. § 2000a-3(a); *see also, e.g. Piggie Park*, 390 U.S. at 402. Because Title II does not permit Hodge to obtain the monetary relief that he seeks, his claims under Title II are subject to dismissal. *See, e.g. Rychenko*, 2017 WL 130001, at *1 (dismissing case under Title II because plaintiff only sought money damages); *Gennell*, 378 F. Supp. at 556 (same).

In view of my disposition, I need not resolve defendants' contention challenging the sufficiency of the claims against the individual defendants. However, a review of the Complaint reveals that the allegations as to the individual defendants are woefully thin in terms of any particularized wrongdoing. If plaintiff opts to amend his suit to include such claims, he must set forth specific factual allegations of wrongdoing by each particular defendant. *See, e.g.*, *Tillman*

*v. Wheaton-Haven Recreation Ass'n, Inc.*, 517 F.2d 1141, 1144 (4th Cir. 1975) (explaining that, in the context of an action alleging deprivation of rights by a corporation, "[i]f a director does not personally participate in the corporation's tort, general corporation law does not subject him to liability simply by virtue of his office").

### B.  State Claims

In view of my disposition of plaintiff's federal claims, I decline to exercise supplemental jurisdiction as to plaintiff's State law claims, pursuant to 28 U.S.C. § 1367(c)(3).  *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966).  Therefore, I shall dismiss those claims, without prejudice.  However, if plaintiff elects to file another amended complaint, he may reassert his State law claims.

### C.  Motion to Strike

Because I shall dismiss each of plaintiff's claims, I shall deny the Motion to Strike (ECF 22) as moot.  However, if plaintiff elects to pursue his suit, he is reminded that allegations in a suit may not be "impertinent, or scandalous."  *See* Fed. R. Civ. P. 12(f).

### IV.  Conclusion

In view of the foregoing, I shall GRANT the Motion (ECF 23) as to plaintiff's claims under 42 U.S.C. § 2000a, without prejudice.  And, pursuant to 28 U.S.C. § 1367(c)(3), I shall decline to exercise supplemental jurisdiction over plaintiff's State law claims, and shall dismiss those claims, without prejudice to the right of Hodge to refile those claims in conjunction with the submission of a viable federal claim.

An Order follows, consistent with this Memorandum.

Date:  July 14, 2017                                             /s/
                                                        Ellen Lipton Hollander
                                                        United States District Judge